UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID HARBORD and HATSUYO HARBORD,<br><br>Plaintiff,<br><br>v.<br><br>MTC FINANCIAL INC., BAYVIEW FINANCIAL LLC, BAYVIEW LOAN SERVICING LLC, BAYVIEW HOLDINGS, FARMS INC. CO. OF WA, CHASE BANK, JP MORGAN FINANCIAL, WELLS FARGO, and VANGUARD GROUP,<br><br>Defendants. | CASE NO. 20-5080 RJB<br><br>ORDER ON EMERGENCY MOTION |

THIS MATTER comes before the Court on the Plaintiffs' "Emergency Motion to Stop Action on February 2, 2020." Dkt. 2. The Court has reviewed the pleadings filed regarding the motion and the remaining record and is fully advised.

On January 29, 2020, a "Complaint for a Civil Case Action of Harassments and Damages," was filed by "H. Harbord," *pro se*. Dkt. 1. It is difficult to decipher, but it appears to relate, in part, to foreclosure proceedings against David Harbord and Hatsuyo Harbord's real

ORDER ON EMERGENCY MOTION - 1

property commonly known as 461 McFarland Drive, Sequim, WA. Dkt. 1. The pending emergency motion was also filed on January 29, 2020. Dkt. 2.

## I. ALLEGATIONS IN COMPLAINT AND PENDING MOTION

### A. ALLEGATIONS IN COMPLAINT

The Complaint alleges that after the Plaintiffs requested information on their mortgage from "Chase (Bank)," it transferred their mortgage to Bayview Financial LLC "without disclos[ing] [Plaintiffs'] all of mor[t]gage information[]/documentation[]." Dkt. 1, at 11. It asserts that the Plaintiffs were planning to pay Chase with the money held in a 401k. *Id.* The Complaint maintains that the 401k was "holded [sic] by J.P. Morgan/Wells Fargo/Vanguard." *Id.* It alleges that J.P. Morgan claimed there was no 401k account for the Plaintiffs and that "Wells Fargo refused to disclose [Plaintiffs'] all of 401k documents." *Id.* The Complaint asserts that "Bayview Financial LLC/Bayview Loan Servicing LLC/Bayview Holdings" (collectively "Bayview") "refused to take regular payments and threated to pay total mortgage amounts (principal and interest). Then closed [Plaintiffs'] account." *Id.* It maintains that Bayview paid the property taxes and insurance on the property without the Plaintiffs' consent. *Id.,* at 11-12. The Complaint alleges that the Plaintiffs personally paid both the taxes and insurance and that the county and insurance company were sending the extra money back. *Id.*, at 12. It states "Notice of Trustees Sale documents 4 pages ???? [Plaintiffs] did not receive by [Bayview]." *Id.* The Complaint alleges that the Plaintiffs "contacted Neang . . . Trustee Corp/17100 Gillette Ave Irvine, CA . . ." and that Neang told the Plaintiffs to ask for a "(1) restatement quote with 'rush' in the letter, (2) address to send payment." *Id.* It asserts that the Plaintiffs faxed the letter and "it did not work." *Id.* Plaintiffs tried again. *Id.* The Complaint maintains that on January 14, 2020, they went to "MTC Financial Inc. dba Trustee Corps in Seattle, WA. Delores Constock state

that she received [their] fax." *Id.* It asserts that the same day, the Plaintiffs tried to pay $3,815.52." *Id.*, at 15. The Complaint alleges that "Dolores stated that [Plaintiffs] had to pay accurate costs. Notice of Foreclosure estimated $9,233.08 on January 27, 2020 was not accurate amounts." *Id.* It maintains that they were told "Delores could not accept amounts of $9,233.08." *Id.* The Complaint alleges that Delores gave them the "Notice of Foreclosure" letter. *Id.*

The Complaint asserts that they returned to "MTC Financial" on January 17, 2020 to pay $9,233.08. *Id.*, at 15. It maintains that they were told they owed $10,157.51. *Id.*, at 16. The Complaint alleges that the Plaintiffs requested an itemized statement but were refused. *Id.* It asserts that the "Notice of Foreclosure" letter demands an inaccurate amount in principal and interest. *Id.*

The Complaint alleges that the Plaintiffs made a claim with "Farmers Insurance Co. of WA" ("Farmers") for snow damage in February 2019 for damage to their house. *Id.*, at 12. It asserts that Farmers did not repair the damage. *Id.* at 13. The Complaint maintains that Farmers also did not pay a claim on damage to a truck. *Id.*

Under the heading "Relief," the Complaint asserts that the amount of principal and interest is lower than MTC Financial and Bayview are demanding. *Id.*, at 17. It further states, "MCT Financial and Bayview are 'Action of Harassment.' How they can swip [sic] [Plaintiffs'] property for sale." *Id.* The Complaint asserts that the Plaintiffs "would pay correct principal and correct interest. But not losing [Plaintiffs'] house." *Id.* It continues, "Stop Action on February 7, 2020. This kind of practice should be illegal." *Id.*

**B. PENDING MOTION**

In the pending emergency motion, the Plaintiffs state that they asked MTC Financial to disclose who has 100% deed holder for the subject property and were told "Bayview XXX."

Dkt. 2, at 1. They assert that they asked "MTC Financial Inc. to disclose detail of items by each categor[y]," but were refused. *Id.* They argue that they have paid all of the property taxes and insurance. *Id.,* at 2. The Plaintiffs assert that "Farmers Ins. closed [Plaintiffs'] case without fixing or repairs, illegal practice." *Id.* They argue that other Defendants did not give them their financial statements for their 401k and that Chase Bank did not disclose their mortgage statements to them. *Id.* The Plaintiffs allege that Bayview refused to take a payment or give any information. *Id.* They assert that "MTC Financial Inc. filed Trustee Sale. Trust Corps to correct $10,157.51 $9,233.08." *Id.* The Plaintiffs "request the Court to Stop Action on February 7, 2020 due to Action of Harassment." *Id.*, at 3. This handwritten pleading includes both David Harbord and Hatsuyo Harbord's names at the conclusion, but it is unclear whether they both signed the pleading. *Id.*

### C. ORGANIZATION OF OPINION

This opinion will now discuss issues regarding jurisdiction and *pro se* representation, will then review the Complaint, point out deficiencies in it, and note the possibility of leave to amend the complaint. This opinion will then address the pending emergency motion.

## II. DISCUSSION

### A. JURISDICTION

Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of the parties. 28 U.S.C. § 1331 and 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes

otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

It appears that the Court may not have subject matter jurisdiction in this case. Plaintiffs do not identify a federal claim upon which they are seeking relief, so the Court does not have federal question jurisdiction. The Plaintiffs assert that this Court has jurisdiction under 28 U.S.C. §1332, diversity of citizenship. Dkt. 1. The Complaint does not clearly point to the citizenship of all the Defendants.

The Plaintiffs should be ordered to file an amended complaint, if they wish, which establishes the citizenship of all Defendants. Failure to do so may result in dismissal of the case.

**B. PRO SE REPRESENTATION OF DAVID HARBORD**

*Pro se* Plaintiffs are prohibited "from pursuing claims on behalf of others in a representative capacity. *Sinmon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008).

It appears that Hatsuyo Harbord was the only one to sign the Complaint. She is not a licensed attorney and cannot represent David Harbord. To the extent she attempts to make claims for him in the Complaint, those claims should be dismissed.

**C. REVIEW OF THE COMPLAINT AND LEAVE TO AMEND**

The Court has carefully reviewed the Complaint in this matter. Because the Plaintiffs filed this Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiffs the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). Fed. R. Civ. P. 8(a) provides:

> **Claim for Relief**. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

The Complaint is difficult to understand and is not "a short and plain statement of the claim showing that the pleader is entitled to relief," as is required by Fed. R. Civ. P. 8 (a)(2). The Plaintiffs' claim for "action of harassment" does not state a cognizable claim. The Complaint does not make a claim for a breach of contract, a tort, nor does it allege violation of a constitution, or a federal or state statute. Accordingly, it fails.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiffs should be granted leave to file a proposed amended complaint to attempt to state a claim upon which relief can be granted on or before February 21, 2020. Plaintiffs should <u>clearly</u> comply with Rule 8 in any proposed amended complaint. Failure to file a proposed amended complaint may result in dismissal of the case.

**D. EMERGENCY MOTION**

In their emergency motion, the Plaintiffs seek an order from the Court stopping the February 7, 2020 foreclosure. Dkt. 2. This motion should be construed as a temporary restraining order ("TRO").

Under Fed. R. Civ. P. 65 (b) (1) a TRO may be issued by the court "without written or oral notice to the adverse party or its attorney only if: specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice." In order to get a TRO, a party must also establish the elements of a preliminary injunction: that they are likely to success on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The emergency motion (Dkt. 2) should be denied without prejudice. Even if the Plaintiffs could show immediate and irreparable injury from the loss of their home, they have not "certifie[d] in writing any efforts made to give notice" to the Defendants. Further, the Plaintiffs have not identified any legal claim that would entitle them to the relief they seek. They have not shown a likelihood of success on the merits or that the balance of equities tips in their favor. They have not shown an injunction is in the public interest.

### E. CONCLUSION

If the allegations in the Complaint are to be credited, it appears that this foreclosure dispute may be a result of a misunderstanding. The Plaintiffs should be given leave to file a proposed amended complaint, if they wish, to attempt to establish this Court's jurisdiction, to clearly indicate whether David Harbord is prosecuting this case as a Plaintiff, and to attempt to state a claim for which relief can be granted. While the Court cannot grant the emergency motion the Plaintiffs seek at this time, further communication between the Plaintiffs and Defendants may be beneficial.

### III. ORDER

It is **ORDERED** that:

- The proposed amended complaint, if any, **IS DUE** by **February 21, 2020**; and
- The Emergency Motion to Stop Action on February 2, 2020 (Dkt. 2) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of January, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge