# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DAVID HARBORD and HATSUYO HARBORD, | CASE NO. 20-5080 RJB |
| Plaintiff, | ORDER GRANTING MOTION FOR EXTENSION |
| v. | |
| MTC FINANCIAL INC., BAYVIEW FINANCIAL LLC, BAYVIEW LOAN SERVICING LLC, BAYVIEW HOLDINGS, FARMS INC. CO. OF WA, CHASE BANK, JP MORGAN FINANCIAL, WELLS FARGO, and VANGUARD GROUP, | |
| Defendants. | |

THIS MATTER comes before the Court on the on review of the Amended Complaint (Dkt. 12) and the Plaintiff's Motion for Extension of Time to Serve Defendants (Dkt. 10). The Court has reviewed the pleadings filed regarding the motion and the record and is fully advised.

## I. **FACTS**

On January 29, 2020, a "Complaint for a Civil Case Action of Harassments and Damages," was filed by "H. Harbord," *pro se*. Dkt. 1. It is difficult to decipher, but it appears to

ORDER GRANTING MOTION FOR EXTENSION - 1

relate, in part, to foreclosure proceedings against David Harbord and Hatsuyo Harbord's real property commonly known as 461 McFarland Drive, Sequim, WA. Dkt. 1. On January 30, 2020, the Plaintiffs' Emergency Motion was denied. Dkt. 4. That order noted that it was unclear whether this Court had jurisdiction (either federal question or diversity of citizenship) over this case, that a *pro se* party cannot represent another party, as appears to be the situation here, and several other deficiencies in the Complaint. *Id.* The Plaintiffs were given leave to file a proposed amended complaint, if they wished, to attempt to establish this Court's jurisdiction, to clearly indicate whether David Harbord is prosecuting this case as a Plaintiff, and to attempt to state a claim for which relief can be granted. *Id.* The order gave the Plaintiffs until February 21, 2020 to file their proposed amended complaint, if any. *Id.*

On February 21, 2020, around 4:45 p.m., the Clerk of the Court's Office received a fax which purported to be from the Plaintiffs. On February 25, 2020, the Court informed the Plaintiffs that the Court does not accept pleadings by fax and gave them until March 10, 2020 to file their proposed amended complaint either through the Court's electronic filing system, by mail or by bringing the pleadings to the courthouse. Dkt. 7.

On March 10, 2020, "H. Harbord" filed a hand-written Amended Complaint. Dkt. 12. The Amended Complaint asserts several federal statutory claims including violations of the Fair Debt Collections Practices Act, Truth in Lending Act, Real Estate Settlement Procedures Act, and multiple state law claims including breach of contract, unjust enrichment, negligent and intentional infliction of emotional distress, negligence, defamation, and tortious interference with credit expectancy. *Id.* It asserts that "emotional distress killed PLA's spouse." *Id.*, at 35. The Amended Complaint is signed: "H. Harbord 03/10/2020  H. Harbord March 10, 2020 461 McFarland Dr. Sequim, WA 98382 with David Harbord (passed away)." *Id.*

At least four Defendants (Bayview Loan Servicing LLC, JP Morgan, Chase Bank, Farmers Insurance Company of Washington) have appeared. Dkts. 8, 9, and 11. No answers or other responsive pleadings have been filed.

Ms. Harbord has also filed a motion for extension of time to serve Defendants. Dkt. 10. She seeks an additional 30 days.

## II. DISCUSSION

### A. REVIEW OF THE AMENDED COMPLAINT

Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of the parties. 28 U.S.C. § 1331 and 1332.

The Amended Complaint has now asserted federal statutory claims. Accordingly, the Court has federal subject matter jurisdiction under 28 U.S.C. § 1331.

*Pro se* Plaintiffs are prohibited "from pursuing claims on behalf of others in a representative capacity. *Sinmon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008).

It appears that Hatsuyo Harbord was the only one to sign the Amended Complaint. She is not a licensed attorney and cannot represent David Harbord. To the extent she attempts to make claims for him in the Amended Complaint, those claims should be dismissed. The caption should be amended to remove his name, and she should not sign any further pleadings for him. If David Harbord is deceased, a personal representative of his , appointed by the state superior court, would be the proper party.

While the Amended Complaint is again difficult to understand, due to the appearance of several defendants, no further *sua sponte* court action should be taken regarding dismissal of it at this time.

**B. MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

Pursuant to Fed. R. Civ. P. 6(b), the court may extend deadlines for good cause.

The Plaintiff has requested an additional 30 days to serve all Defendants due to her having difficulty in discovering some of their addresses. Dkt. 10. She has stated sufficient good cause for an extension of time. Her motion should be granted (Dkt. 10) and she should be given an additional 30 days from the date of this order to serve Defendants.

**IT IS ORDERED:**

- All claims purportedly by David Harbord **ARE DISMISSED**;
- Mrs. Harbord **SHALL NOT SIGN** any further pleadings in David Harbord's name; and
- Mrs. Harbord's motion for extension of time (Dkt. 10) **IS GRANTED;** she has an additional 30 days from the date of this order to serve Defendants.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of March, 2020.

ROBERT J. BRYAN
United States District Judge