1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The Honorable Robert J. Bryan
Noting Date: May 8, 2020
**WITHOUT ORAL ARGUMENT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

DAVID HARBORD and HATSUYO
HARBORD,

Plaintiffs,

vs.

MTC FINANCIAL INC., BAYVIEW
FINANCIAL LLC, BAYVIEW LOAN
SERVICING LLC, BAYVIEW HOLDINGS,
FARMERS INS. CO. OF WA, CHASE
BANK, JP MORGAN FINANCIAL, WELLS
FARGO, and VANGUARD GROUP,

Defendants.

No.: 3:20-cv-05080-RJB

FARMERS INSURANCE COMPANY OF
WASHINGTON MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

NOTE ON MOTION CALENDAR:
May 8, 2020

Farmers Insurance Company of Washington ("Farmers") moves to dismiss this complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, because the claims against Farmers lie outside this Court's limited jurisdiction. This motion is based on the amended complaint and alleged facts in the record, as well as proof of Farmer's incorporation in Washington state, all which are insufficient to establish this Court's proper subject matter jurisdiction over the Plaintiff's state law-based claims against Farmers. Put simply, the federal issues surrounding Plaintiff's financing and mortgage on her home have

FARMERS INSURANCE COMPANY OF WASHINGTON
MOTION TO DISMISS PLAINTIFF'S COMPLAINT- 1

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

nothing to do with Farmers alleged mishandling of a claim under her automobile insurance and alleged mishandling of a claim for snow damages to her garage under her homeowner's insurance.

## I. STATEMENT OF FACTS

This action relates to Plaintiff's mortgage. On March 10, 2020, Plaintiff, proceeding pro se, filed an amended Complaint in this matter. (Dkt. No. 12). The Complaint alleges that the Plaintiff, and her husband, the owners of the property located at 461 McFarland Drive, Sequim, Washington, entered into a loan agreement to finance their property.

Presently, the loan is serviced by Bayview Loan Servicing, LLC ("Bayview"). Plaintiff attached delinquent payment information, a notice of foreclosure, an overdue payment information letter, and a postponement notification to the complaint. The attached documents show that on or about September 26, 2019, MTC Financial Inc. dba Trustee Corp acting for servicer Bayview sent a notice of foreclosure sale to the Plaintiff based upon nonpayment. The amount allegedly owned on the loan was $10,157.51, and on January 31, 2020 it was allegedly paid off by Plaintiff. Thereafter, a previously scheduled trustee sale was postponed and/or cancelled.

The Plaintiff alleges the following causes of action related to the mortgage: violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), negligent servicing, credit reporting, and accounting, harassment of debtor, unfair and deceptive practices, defamation, tortious interference with credit expectancy, negligence, intentional infliction of emotional distress, unjust enrichment, and breach of contract. (Dkt. No. 12 at 2 and 35).

In addition to the above-stated federal claims, the Plaintiff also alleges bad faith claims against Farmers (Dkt. No. 12 at 15). On the face of the Complaint, the Plaintiff seeks

FARMERS INSURANCE COMPANY OF WASHINGTON
MOTION TO DISMISS PLAINTIFF'S COMPLAINT- 2

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

1    to enforce the insurance coverage because Farmers allegedly denied Plaintiff's insurance

2    benefits. On March 23, 2020, the Plaintiff filed an emergency motion to force Farmers to

3    continue her homeowner's policy (Dkt. No. 16). She attached the notice of policy non-

4    renewal to the emergency motion (Dkt. No. 16 at 3). The notice states that the reason for

5    non-renewal is the "unacceptable conditions: there is overgrown vegetation on the property

6    that needs to be trimmed back." Farmers responded to the emergency motion and

7    incorporates those pleadings herein by reference. (Dkt. No. 22) Arguably, the motion

8    clarifies that in addition to bad faith, the Plaintiff alleges breach of contract and CPA claims

9    against Farmers.

10        Farmer's has filed this motion with the Court seeking dismissal of the claims against it

11   based upon Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

12                              **II. LEGAL ARGUMENT**

13        *1. Federal Courts are Court of Limited Jurisdiction.*

14        Federal courts are courts of limited jurisdiction and possess only that power granted

15   by the U.S. Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of America*,

16   511 U.S. 375, 377 (1994); *U.S. v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008). Plaintiff bears

17   the burden of establishing that this Court has subject matter jurisdiction over the claims

18   against Farmers, because a cause of action is presumed to lie outside of a federal court's

19   jurisdiction. "The burden of establishing the contrary rests upon the party asserting

20   jurisdiction." *Kokkonen*, 511 U.S. at 377; see also *Marks*, 530 F.3d at 810.

21        Here, the Complaint alludes that this Court has subject matter jurisdiction under

22   several federal laws, indicating that underlying causes of action involve federal questions

23   (through TILA, RESPA, FDCPA) over which this Court has subject matter jurisdiction

24   through 28 U.S.C. §1331.

25

FARMERS INSURANCE COMPANY OF WASHINGTON
MOTION TO DISMISS PLAINTIFF'S COMPLAINT- 3

1  That said, in determining whether Plaintiff completely met this burden in regards to all

2  the claims, the Court should examine Plaintiff's federal financing claims and their connection

3  to the claims alleged against Farmers that are based upon Washington law (CPA, breach of

4  contract, bad faith)  and determine whether the state law claims against Farmers are in

5  addition to the federal claims, which establish jurisdiction in this Court.[1]

6  **2.      *Supplemental Jurisdiction is Relevant Here Because There is No Diversity***

7  ***Jurisdiction Over the State Law Claims against Farmers.***

8  Supplemental jurisdiction is not mandated when there is a standard independent basis

9  of subject matter jurisdiction over the alleged claims. In addition to the federal question

10  jurisdiction briefly discussed above, and under 28 U.S.C § 1332(a)(1), district courts have

11  original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

12  value of $75,000, exclusive of interest and costs, and is between citizens of different States.

13  The Plaintiff alleges jurisdiction under 28 U.S.C. § 1332 in her complaint. Diversity

14  jurisdiction, however, does *not* provide a basis for subject matter jurisdiction in this matter

15  because Farmers Insurance Company of Washington is a domestic insurance company

16  incorporated in the State of Washington. Therefore, complete diversity under 28 U.S.C.S. §

17  1332 is not present in this matter, given that Farmers is incorporated and has its principal

18  place of business in Washington and the Plaintiff is also a citizen of Washington. (Ex.1; Dkt

19  No. 12 at 3 and Declaration of Joanne T. Blackburn in Support of Defendant's Farmers

20  Insurance Company of Washington Motion to Dismiss Plaintiff's Complaint, ¶2, Exhibit 1, a

21

22  [1] ***A Rule 12(b)(1) Motion to Dismiss May be Raised by a Party at Any Stage in the Litigation.***
The objection that a federal court lacks subject matter jurisdiction under Rule 12(b)(1) may be raised by a party, or by a court on its own
initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235,

23  1240 (2006). Whenever the court determines that it lacks jurisdiction over the subject matter, it shall dismiss the action. *Id.* (citing *Kontrick
v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906 (2004)); Fed. R. Civ. P. 12(h)(3). Similarly, *Herman Family Revocable Tr. v. Teddy Bear*, 254
F.3d 802, 807 (9th Cir. 2001) states that where a federal court concludes that § 1367(a) does not confer jurisdiction over claims and having

24  no other jurisdictional basis, those claims must be dismissed and questions of time, cost, efficiency, or other equitable factors should not be
considered. Finally, the dismissal of this action does not prevent the Plaintiff from pursuing her claims in a court that has proper jurisdiction.

25

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

1   true and correct copy of Farmers' Washington State Articles of Incorporation). Thus,

2   Diversity jurisdiction under 28 U.S.C §1332(a)(1) fails.

3   **3.  *Supplemental Subject Matter Jurisdiction Over the State Law Claims Against***

4   ***Farmers is Also Lacking Because There is No Common Nucleus of Operative Facts***

5   ***with the Federal Claims***.

6   The only possible source of subject matter jurisdiction over the state law claims

7   against Farmers is supplemental jurisdiction, found in statute - 28 U.S.C. § 1367. However,

8   that potential jurisdictional basis also fails because Plaintiff's claims against Farmers are not

9   related to the federal financing claims that invoked this Court's jurisdiction.  Simply put, the

10  insurance claims are not part of or related to the foreclosure/default claims.

11   Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over all

12  other claims that are so related to the claims in the action that constitute original jurisdiction

13  that they form a part of the same case or controversy under Article III of the United States

14  Constitution.  In order to establish supplemental subject matter jurisdiction, the Plaintiff must

15  first show that the supplemental claims form part of the same case or controversy as those

16  claims that invoked the federal court's jurisdiction. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d

17  1163, 1172-73 (9th Cir. 2002) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

18  725 (1966)); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Second, Plaintiff

19  must show that there is a common nucleus of operative facts between the state and federal

20  claims.  *Gilder v. PGA Tour, Inc*., 936 F.2d 417, 421 (9th Cir. 1991) ("common nucleus of

21  operative facts" existed to justify supplemental jurisdiction where the state law breach of

22  fiduciary duties claims were ***identical*** to those that gave rise to the federal claims).

23   Therefore, the "same case or controversy" and the "common nucleus" inquiries must

24   be focused squarely on the relationship between the state insurance claims against Farmers

25

FARMERS INSURANCE COMPANY OF WASHINGTON
MOTION TO DISMISS PLAINTIFF'S COMPLAINT- 5

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

and the federal financing claims against other defendants in this case. In essence, Plaintiff must prove that the facts that are vital to proving the federal financial claims are the same facts that must be proven to establish the supplemental state insurance claims. *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1359-60 (9th Cir. 1988). Facts common to each claim must be operative facts—facts that give rise to the federal claims must also give rise to the state claims.

The claims at issue here are asserted against parties involved in *two distinct disputes* with the Plaintiff. One alleges claims for violation of TILA, RESPA, and FDCPA and provides for federal jurisdiction. The other dispute is based on state law and alleges breach of an insurance contract, bad faith, and CPA claims. The claims share absolutely nothing in common other than a common timeline, and therefore, no common nucleus of operative facts exists between the state-based insurance claims against Farmers and the federal based financing claims against the other defendants. The fact that there is a minor connection with respect to background facts between two otherwise independent controversies is insufficient to confer supplemental jurisdiction over the state-based claims.

RESPA, for instance, requires evidence regarding notice requirements in connection with mortgage loans and imposes liability on the lenders and servicers. *See, e.g.,* 12 U.S.C. § 2605(a)-(c). TILA grants borrowers a right of action against creditors that fail to comply with certain notification requirements to the borrowers. *See, e.g.,* 15 U.S.C. § 1641(g). FDCPA grants debtors' rights when contacted by collectors. *See, e.g.,* 15 U.S.C. §1692(g).   These federal claims all focus on actions taken by financial institutions and their loaning of monies to borrowers, like Plaintiff.

In direct contrast, an action for bad faith handling of an insurance claim sounds in tort and requires evidence of harm caused by insurer's negligent handling of an insurance claim.

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

1    *Safeco Ins. Co. of Am. v. Butler*, 118 Wash. 2d 383, 389, 823 P.2d 499, 503 (1992). These

2    state claims have nothing to do with financing of loans or mortgages.  As such, no facts

3    concerning any action taken by Farmers including those relevant to handling Plaintiff's

4    insurance claims are relevant to the foreclosure dispute and alleged federal RESPA, TILA, or

5    FDCPA violations. More specifically, the evidence that may be used to prove that Farmers

6    allegedly sent Plaintiff an unfair notice of non-renewal and did not pay for the damages to

7    the Plaintiff's garage and/or vehicle has nothing to do with Plaintiff's mortgage or the

8    foreclosure sale. The facts that are vital to proving the federal financing claims are totally

9    separate and apart from the facts that are vital to proving a breach of the insurance policies

10   and state-based claims against Farmers.

11          Respectfully, the Court should decline to exercise supplemental jurisdiction over the

12   insurance policy dispute as there is no basis for supplemental jurisdiction under 28 U.S.C. §

13   1367(a)  because: (1) the claims relating to Plaintiff's rights and Farmer's duties under an

14   insurance policy are not the same case or controversy as the foreclosure/default claims; (2)

15   the insurance claims and the federal financing claims require both a divergent proof of

16   operative facts and divergent bodies of law; and, finally, (3) Plaintiff's federal financing

17   claims against the other defendants will be completely unaffected if the state law claims

18   against Farmers are dismissed.

19                                    **III. CONCLUSION**

20          Based upon the foregoing, Farmers respectfully requests that the Court dismiss

21   Plaintiff's claims against it in their entirety.

22   ///

23   ///

24   ///

25

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

1    DATED this 3rd day of April, 2020.

2

3                                         **GILLASPY & RHODE, PLLC**

4                                         _____

5                                         Joanne T. Blackburn, WSBA No. 21541
                                          Betsy A. Gillaspy, WSBA No. 21340
6                                         821 Kirkland Ave., Suite 200
                                          Kirkland, WA 98033
7                                         Telephone:  425.646.2956
                                          Facsimile:  425.462.4995
8                                         bgillaspy@gillaspyrhode.com
                                          jblackburn@gillaspyrhode.com
9                                         *Counsel for Farmers Ins. Co. of WA*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25