UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HATSUYO HARBORD,<br><br>                    Plaintiff,<br>    v.<br><br>MTC FINANCIAL INC., BAYVIEW FINANCIAL LLC, BAYVIEW LOAN SERVICING LLC, BAYVIEW HOLDINGS, FARMERS INC. CO. OF WA, CHASE BANK, JP MORGAN FINANCIAL, WELLS FARGO, and VANGUARD GROUP,<br><br>                    Defendants. | CASE NO. 20-5080 RJB<br><br>ORDER DENYING MOTIONS AND ISSUING PRO SE WARNING |

THIS MATTER comes before the Court on the Plaintiff's Motion for Fax Filing (Dkt. 26) and Plaintiff's pleading entitled "Additional DEFs/Chase, Wells Fargo, Vanguard, Extension of Time to Serve Summon for 30 days to Bayview Holdings, Chase (Bank), Wells Fargo and Vanguard Group" (Dkt. 27) which should be construed as a motion. The Court has reviewed the pleadings filed regarding the motions and the remaining record.

This case arises (at least in part) from an insurance dispute and foreclosure proceedings against Hatsuyo Harbord's real property commonly known as 461 McFarland Drive, Sequim, WA. Dkts. 1 and 12. The Amended Complaint asserts several federal statutory claims including violations of the Fair Debt Collections Practices Act, Truth in Lending Act, Real Estate Settlement Procedures Act, and multiple state law claims including breach of contract, unjust enrichment, negligent and intentional infliction of emotional distress, negligence, defamation, and tortious interference with credit expectancy. Dkt. 12.

The Plaintiff again moves the Court to accept pleadings by fax because of difficulties in getting to the courthouse to hand deliver her pleadings due to the Covid-19 pandemic. Dkt. 26. Her prior motions to file by fax were denied. Dkts. 7 and 20. Also pending is the Plaintiff's motion to add Defendants "Chase, Wells Fargo, Vanguard" and "for a 30-day extension of time to serve "Bayview Holdings, Chase (Bank), Wells Fargo and Vanguard Group." Dkt. 27. Each motion will be considered in turn.

Additionally, several of the Defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12 (Dkts. 17, 18, and 24) and the Plaintiff should be given a warning about them due to her pro se status.

## DISCUSSION

**A. FILING BY FAX**

Pursuant to Local Rule W.D. Wash. 5(d), unrepresented parties, like the Plaintiffs here, "may, but are not required to, file electronically." Unrepresented parties may also file their pleadings by **mailing** them to the Clerk of the Court. *See* Fed. Civ. R. P. 5 and Local Civil Rule 5. "Electronically" refers to the Court's electronic case filing system (ECF). The Clerk of the Court does not accept filings by fax.

The Plaintiff's motion to file pleadings by fax (Dkt. 26) should be denied. This is the third time the Court has denied this motion. On Feb. 25, 2020 and on March 30, 2020, the Court informed the Plaintiff that it would not accept filings by fax. Dkts. 7 and 20.

The Plaintiff is free to mail her pleadings to the Clerk of the Court for filing. It is not necessary (or advisable at this time) for the Plaintiff to continue to come to the courthouse and personally deliver her pleadings to the drop box near the Clerk of the Court's office. The courthouse is closed to the public. Western District of Washington General Orders 02-20, 03-20 and 07-20. The Plaintiff is reminded that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997), including the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington and all General Orders of the Western District of Washington (including General Orders 02-20, 03-20, and 07-20, which closed federal courthouses to the public and continued the date of those closures).

### B. MOTION TO ADD DEFENDANTS "CHASE, WELLS FARGO, [AND] VANGUARD"

The Plaintiff's motion to add Defendants "Chase, Wells Fargo [and] Vanguard" should be denied. These parties are already named defendants in the amended complaint. To the extent that the Plaintiff is attempting to add claims against them that she asserts were in her original complaint, her motion should be denied. "An amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)(*internal quotations and citations omitted*). If the Plaintiff wishes to be granted leave to file a second amended complaint, she should follow the federal and local rules.

### C. MOTION FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 6(b), the court may extend deadlines for good cause.

ORDER DENYING MOTIONS AND ISSUING PRO SE WARNING - 3

1    The Plaintiff's motion for an extension of 30 days to serve "Bayview Holdings, Chase
2 (Bank), Wells Fargo and Vanguard Group" (Dkt. 27) should be denied without prejudice.  The
3 Plaintiff fails to explain why she needs an extension of time.  She has not shown good cause for
4 the extension.

### D.  WARNING REGARDING MOTIONS TO DISMISS

6    Several of the Defendants have filed motions to dismiss this case and noted the motions
7 for consideration on May 8, 2020.  Dkts. 17, 18, and 24.

8    Plaintiff is reminded that although pro se pleadings are held to a "less stringent standard
9 that formal pleadings drafted by lawyers," they still must meet the requirements of the rules.
10 *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

11    Pursuant to Fed. R. Civ. P. 12 (b), a party may assert the following defenses in a motion
12 to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper
13 venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim
14 upon which relief can be granted; and (7) failure to join a party under Rule 19."

15    Plaintiff is notified that a complaint must be dismissed under Fed. R. Civ. P.12 (b)(1) if,
16 considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does
17 not arise under the Constitution, laws, or treaties of the United States, or does not fall within one
18 of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case
19 or controversy within the meaning of the Constitution; or (3) is not one described by any
20 jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*
21 *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal
22 question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to
23 dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings but may

review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Plaintiff is notified that Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Plaintiff is notified that if the motions to dismiss are granted, her claims may be dismissed and the case closed. Plaintiff's response to the motions to dismiss, if any, is due on

**May 4, 2020** in accord with Local Rule W.D. Wash. 7 (d)(3).  Replies, if any, are due in accord with the Local Rules.

**IT IS ORDERED THAT:**

- The Plaintiff's Motion for Fax Filing (Dkt. 26) and Plaintiff's pleading entitled "Additional DEFs/Chase, Wells Fargo, Vanguard, Extension of Time to Serve Summon for 30 days to Bayview Holdings, Chase (Bank), Wells Fargo and Vanguard Group" (Dkt. 27) **ARE DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of April, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge