UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HATSUYO HARBORD,<br><br>                Plaintiff,<br><br>   v.<br><br>MTC FINANCIAL INC., et al.,<br><br>                Defendants. | CASE NO. C20-5080-RJB<br><br>ORDER ON REVIEW OF MOTION FOR RECUSAL |

On April 28, 2020, Plaintiff Hatsuyo Harbord, proceeding pro se, filed a Motion seeking to disqualify the Honorable Robert J. Bryan in this matter. Dkt. #41. On May 6, 2020, Judge Bryan issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referring that decision to the Chief Judge for review. Dkt. #45; LCR 3(f). The Court will not address the other rulings contained in that Order.

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending

has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

On April 20, 2020, the Court issued an order denying Plaintiff's motion to file pleadings by fax, denying her motion for extension of time without prejudice, and advising Plaintiff on the requirements for dismissal under Fed. R. Civ. P. 12(b). Dkt. #30. Plaintiff now seeks recusal of Judge Bryan citing discrimination and language barriers. Dkt. #41 at 1. In support of her motion, Plaintiff describes various logistical issues posed by COVID-19 pandemic, including no computer access law libraries, public libraries, or computers at the U.S. District Court, issues posed by clerk's office closures, and delays posed by filing documents by mail. *See id.* at 1-3. She also describes her failure to receive all documentation in this case. *Id.*

Nothing presented in Plaintiff's Motion convinces the Court that the standards for recusal have been met. Plaintiff's allegations of discrimination are factually and/or legally unsupported. Because these unsupported and conclusory allegations are insufficient to demonstrate the appearance of bias or prejudice, the Court finds no evidence upon which to reasonably question Judge Bryan's impartiality.

Accordingly, the Court hereby ORDERS that Judge Bryan's refusal to recuse himself from this matter is AFFIRMED. The Clerk SHALL provide copies of this order to Plaintiff and to all counsel of record.

//

//

ORDER ON REVIEW OF MOTION FOR
RECUSAL - 2

DATED this 6th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON REVIEW OF MOTION FOR
RECUSAL - 3