UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HATSUYO HARBORD,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>MTC FINANCIAL INC., BAYVIEW FINANCIAL LLC, BAYVIEW LOAN SERVICING LLC, BAYVIEW HOLDINGS, FARMERS INC. CO. OF WA, CHASE BANK, JP MORGAN FINANCIAL, WELLS FARGO, and VANGUARD GROUP,<br><br>　　　　　　　　Defendants. | CASE NO. 20-5080 RJB<br><br>ORDER ON MOTIONS FOR CONTINUANCE/EXTENSION OF TIME AND VARIOUS MOTIONS |

THIS MATTER comes before the Court on the Plaintiff's motions for continuance/extension of time (Dkt. 33, 42, and 60), the Plaintiff's motion for oral argument on the Defendants' motions to dismiss (Dkt. 27), the Plaintiff's "Emergency Motion to Add Chase JP Morgan for Criminal Fraudulent Misrepresentation and Emergency Motion to Stop Harassment" (Dkt. 61), and the Plaintiff's "Emergency Motion to Continue Home Insurance

ORDER ON MOTIONS FOR CONTINUANCE/EXTENSION OF TIME AND VARIOUS MOTIONS - 1

Policy" (Dkt. 16). The Court has reviewed the pleadings filed regarding the motions, the remaining record and is fully advised.

Plaintiff, acting *pro se*, brings this case asserting both state and federal claims. Dkt. 12. Her pleadings are all hand-written and can be difficult to follow. There are several pending motions in this case; this Order will only address the motions for a continuance/extension of time, Plaintiff's motion for oral argument on the Defendants' motions to dismiss, Plaintiff's "Emergency Motion to Add Chase JP Morgan for Criminal Fraudulent Misrepresentation and Emergency Motion to Stop Harassment" and the Plaintiff's "Emergency Motion to Continue Home Insurance Policy."

## I.     FACTS

On January 29, 2020, a "Complaint for a Civil Case Action of Harassments and Damages," was filed by "H. Harbord," *pro se*. Dkt. 1. It was difficult to decipher, but appeared to relate, in part, to foreclosure proceedings against Hatsuyo Harbord's real property commonly known as 461 McFarland Drive, Sequim, WA ("property"). Dkt. 1. On January 30, 2020, the Plaintiff's Emergency Motion was denied. Dkt. 4.

On March 10, 2020, "H. Harbord" filed an Amended Complaint. Dkt. 12. The Amended Complaint asserts several federal statutory claims including violations of the Fair Debt Collections Practices Act, Truth in Lending Act, Real Estate Settlement Procedures Act, and multiple state law claims including breach of contract, unjust enrichment, negligent and intentional infliction of emotional distress, negligence, defamation, tortious interference with credit expectancy and bad faith. *Id.* The claims appear to stem from foreclosure proceedings and an insurance dispute related to the property. *Id.* It asserts that "emotional distress killed PLA's spouse." *Id.*, at 35.

On March 23, 2020, the Plaintiff filed a pleading entitled "Emergency Motion to Continue Home Insurance Policy." Dkt. 16. In this motion, the Plaintiff asserts that she had a policy with Farmers Insurance Company of Washington ("Farmers") "for [a] long time." Dkt. 16. She asserted there was snow damage to the house and outbuildings on February 15, 2019, and that she made a claim which Farmers did not properly investigate or pay. *Id.* The Plaintiff attaches a letter dated January 23, 2020, from Farmers, entitled "Home Insurance Notice of Non-Renewal," and a bill for $5. Dkt. 16, at 3-5. The reason for non-renewal provided was:

> The dwelling is ineligible for coverage due to the following unacceptable conditions: there is overgrown vegetation on the property that needs to be trimmed back. To be reconsidered for coverage, please contact your Farmers Agent. You may need to provide photo documentation showing the conditions noted above have been corrected. Your Farmers Agent can help you explore options for finding replacement coverage if necessary.

*Id.* The Plaintiff disputes these grounds for nonrenewal, asserts that she does not owe $5, discusses her attempts to pay another Defendant, Bayview, a mortgage payment, and maintains that Defendant Bayview paid Farmers. *Id.,* at 6. The Plaintiff's requested relief includes moving for injunctive relief (an order requiring that her home owner's insurance policy with Farmers be continued). It is difficult to tell, but she also appears to be moving the Court to make findings of fact and conclusions of law regarding the Plaintiff's bad faith claim and violations of the Consumer Protection Act (to the extent that she makes one – this claim is not clearly asserted in the Amended Complaint (Dkt. 12)). *Id.*, at 6-7. Farmers opposes the motion, asserting that they have followed Washington law. Dkt. 22.

After the Plaintiff filed the above motion related to insurance coverage, several of the Defendants filed motions to dismiss. Dkts. 17, 18 and 24.

ORDER ON MOTIONS FOR CONTINUANCE/EXTENSION OF TIME AND VARIOUS MOTIONS - 3

1  The Plaintiff filed a motion for oral argument on the Defendants' motions to dismiss
2  (Dkt. 27) and filed one of the pending motions for an extension of time to respond to the motions
3  to dismiss (Dkt. 33). She raised difficulties she is having related to the ongoing pandemic. *Id.*

4  The Plaintiff then filed several other motions which were without merit, for example
5  motions to file by fax and motions for default judgment, all of which were denied. See Dkts. 20,
6  26, 30, 38-40, and 48.

7  On April 28, 2020, the Plaintiff filed another motion for an extension of time to file a
8  reply to the response to the "Emergency Motion to Continue Home Insurance Policy." Dkt. 42.

9  She also filed a "Motion to Change Judge" (Dkt. 41) which was construed as a motion to
10 recuse. In the "Motion to Change Judge," the Plaintiff again discussed her need for a
11 continuance to respond to the motions to dismiss due to difficulties related to the pandemic,
12 including her not having access to a computer or internet, the closure of all public libraries,
13 including the public law libraries, and the limited in-person services at the federal courthouse.
14 Dkt. 41. She references the governor's "Stay Home Order," and the Court's various court orders
15 related to the ongoing pandemic. *Id.*

16 The undersigned declined to recuse; in that order, the parties were informed that, if they
17 wished, they could respond to the arguments raised in the various motions to continue and issues
18 raised relating to a continuance in the "Motion to Change Judge." Dkt. 45. The motion to recuse
19 was referred to Chief Judge Martinez and all pending motions were stayed. *Id.*

20 On May 5, 2020, the Plaintiff filed a reply to the response to her "Emergency Motion to
21 Continue Home Insurance Policy" (Dkt. 50) despite having filed motions for an extension of
22 time to do so.

23
24

ORDER ON MOTIONS FOR CONTINUANCE/EXTENSION OF TIME AND VARIOUS MOTIONS - 4

On May 7, 2020, the Plaintiff filed her third motion for an extension of time to file responses to the Defendants' motions to dismiss. Dkt. 60. She repeats her prior arguments related to the pandemic, asserts that she is not receiving all documents from the Defendants, wants the court to send her free copies of the entire file, includes an "Affirmative Statement for David Harbord," even though she has acknowledged that David Harbord passed away, and attempts to argue the merits of her claims therein. *Id.*

Defendant Vanguard Group filed a motion to dismiss on May 8, 2020. Dkt. 54.

On May 8, 2020 the Plaintiff filed a pleading entitled "Emergency Motion to Add Chase JP Morgan for Criminal Fraudulent Misrepresentation and Emergency Motion to Stop Harassment." Dkt. 61. In this pleading, the Plaintiff appears to be attempting to add claims to her Amended Complaint. *Id.* She fails to file a proposed second amended complaint. *Id.*

After Chief Judge Martinez affirmed the undersigned's decision not to recuse, the stay on the pending motions was lifted, and all pending motions were renoted. Dkt. 47. Several of the pending motions are now ripe.

## II.   DISCUSSION

**A.  MOTIONS FOR CONTINUANCE/EXTENSION OF TIME**

Pursuant to Fed. R. Civ. P. 6(b), the court may extend deadlines for good cause.

The Plaintiff's motions for a continuance/extension of time (Dkts. 33, 42, 60) should be granted to the extent the Plaintiff seeks additional time to respond to the motions to dismiss. She has demonstrated sufficient good cause for an extension until August 10, 2020 to file her responses, if any. The Defendants' motions to dismiss (Dkts. 17, 18, 24, 37, and 54) should be renoted to August 14, 2020, the Defendants replies, if any, should be filed in accord with the Local Rules.

Her motions for a continuance/extension of time (Dkts. 33, 42, and 60) should be denied in all other respects. She has failed to show good cause for an extension to file a reply to her "Emergency Motion to Continue Home Insurance Policy;" she has already filed a substantive reply. A decision on that motion is below.

Further, to the extent that she seeks additional relief in the motions for a continuance – like free copies of various pleadings in the file – she has failed to point to any authority that she is entitled to that relief.

The Plaintiff should be aware that she is unlikely to receive extensions of time due to the pandemic on motions she chooses to file. If she opts to file a motion and the Defendants' respond, her assertions that she needs more time to file a reply may not be well taken. Moreover, she should refrain from continuing to file meritless motions.

### B. MOTION FOR ORAL ARGUMENT ON MOTIONS TO DISMISS

Under Western District of Washington Rule 7(b)(4), "[u]nless otherwise ordered by the court, all motions will be decided by the court without oral argument." It further provides that the Clerk of the Court will inform the parties if oral argument will be granted.

At this stage in the proceedings, the Plaintiff's motion for oral argument on the Defendants' motions to dismiss (Dkt. 27) should be denied without prejudice. The Court will inform the parties if oral argument will be granted at a later date.

### C. PLAINTIFF'S "EMERGENCY MOTION TO ADD CHASE JP MORGAN"

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts may consider a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).  Further, under Western District of Washington Rule 15,

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

Plaintiff's "Emergency Motion to Add Chase JP Morgan for Criminal Fraudulent Misrepresentation and Emergency Motion to Stop Harassment" (Dkt. 61) should be denied. To the extent the Plaintiff intends this motion to be a motion to amend her Amended Complaint to add a claim for criminal "fraudulent misrepresentation," the motion is futile.  A private party cannot make a claim for violation of a criminal statute.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Sulla v. Horowitz*, 2012 WL 4758163, at *3 (D. Haw. Oct. 4, 2012) (criminal law can be enforced only by a prosecutor, not by any private party).

The Plaintiff also failed to comply with Local Rule 15.  She did not attach a proposed second amended complaint.  Her motion should be denied on these grounds as well.

Further, the Plaintiff's pleading is difficult to understand.  She fails to demonstrate that she is entitled to relief relating to her allegations of "harassment" at this stage in the litigation.

### D. PLAINTIFF'S EMERGENCY MOTION TO CONTINUE HOME INSURANCE

The Plaintiff's "Emergency Motion to Continue Home Insurance" (Dkt. 16) should be denied.

To the extent that the Plaintiff seeks a preliminary injunction requiring that Farmers renew her insurance policy, the Plaintiff has failed to carry her burden. Plaintiffs seeking a preliminary injunction must establish one of two tests. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). The first test requires plaintiffs to show: (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018)(*citing Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7 (2008) (*internal quotation marks omitted*)). Under the second variant of the 9th Circuit's test for a preliminary injunction, the "sliding scale" version of the *Winter* standard provides that "if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, at 1217 (*internal quotation marks and citations omitted*).

The Plaintiff fails to demonstrate a "likelihood of success on the merits" or that there are "serious questions going to the merits." *Coffman,* at 725 and *All. for the Wild Rockies*, at 1217. The Plaintiff does not point to any grounds which would demonstrate that she is entitled to relief on the merits. She fails to show that she would "likely suffer irreparable harm in the absence of preliminary relief," that "the balance of equities tips in [her] favor," or that "an injunction is in the public interest." *Id.* The Plaintiff should not be granted injunctive relief requiring that Farmers continue her policy.

To the extent that the Plaintiff moves for findings of fact and conclusions of law regarding her bad faith and Consumer Protection Act claim or other relief, her motion should be denied. The Plaintiff has failed to show that she is entitled to such relief at this time.

### E. CASE SCHEDULING ORDERS

Initial case scheduling order should be issued in this case. A minute order setting that schedule will follow.

### III. ORDER

- Plaintiff's motions for continuance (Dkts. 33, 42 and 60) **ARE DENIED IN ALL RESPECTS EXCEPT THEY ARE GRANTED** as to an extension of time to respond to the Defendants' motions to dismiss;
  - The Plaintiff's responses, if any, should be filed by **August 10, 2020**;
  - The Defendants' motions to dismiss (Dkts. 17, 18, 24, 37 and 54) **ARE RENOTED** for **August 14, 2020**;
- The Plaintiff's motion for oral argument on the Defendants' motions to dismiss (Dkt. 27) **IS DENIED WITHOUT PREJUDICE**;
- The Plaintiff's "Emergency Motion to Add Chase JP Morgan for Criminal Fraudulent Misrepresentation and Emergency Motion to Stop Harassment" (Dkt. 61) **IS DENIED**; and
- The Plaintiff's "Emergency Motion to Continue Home Insurance Policy" (Dkt. 16) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER ON MOTIONS FOR CONTINUANCE/EXTENSION OF TIME AND VARIOUS MOTIONS - 9

Dated this 19th day of May, 2020.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge