1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

DAVID HARBORD and HATSUYO
HARBORD,

CASE NO. 20-5080 RJB

12

Plaintiff,

ORDER ON PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION AND TO POSTPONE
TRIAL DATE AND THE
DEFENDANTS' MOTIONS TO
DISMISS

13

v.

14

MTC FINANCIAL INC., BAYVIEW
FINANCIAL LLC, BAYVIEW LOAN
SERVICING LLC, BAYVIEW
HOLDINGS, FARMS INC. CO. OF WA,
CHASE BANK, JP MORGAN
FINANCIAL, WELLS FARGO, and
VANGUARD GROUP,

15

16

17

Defendants.

18

19          THIS MATTER comes before the Court on the Plaintiff's motions for "Preliminary

20   Injunction," "Postpone Trial Date," and "Continuance" "due to refusal of disclosure discovery

21   documentations by Defs," (Dkts. 104 and reiterated at Dkt. 112, referred to herein as Dkt. 104)

22   Defendant JP Morgan Chase Bank NA's (erroneously sued as Chase Bank and JP Morgan

23   Financial), ("Chase") Motion to Dismiss (Dkt. 17), Bayview Financial LLC, Bayview Loan

24   Servicing LLC, Bayview Holdings' ("Bayview") Motion to Dismiss (Dkt. 18), MTC Financial

1    Inc. d/b/a Trustee Corps' ("MTC") Motion to Dismiss (Dkt. 103), Farmers Insurance Company

2    of Washington's ("Farmers") Motion to Dismiss Plaintiff's Complaint (Dkt. 24), Defendant

3    Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Amended Complaint (Dkt. 37),

4    Defendant Vanguard's Motion to Dismiss Amended Complaint (Dkt. 54), and the Defendants'

5    motion for extension of time to file the Joint Status Report (Dkt. 106).  The Court has reviewed

6    the pleadings filed regarding the motions and the remaining record and is fully advised.

7         On January 29, 2020, a "Complaint for a Civil Case Action of Harassments and

8    Damages," was filed by "H. Harbord," *pro se*.  Dkt. 1.  After being informed of deficiencies in

9    the original complaint, the Plaintiff was given an opportunity to amend her complaint.  Dkt. 4.

10   On March 10, 2020, the Plaintiff did so.  Dkt. 12.  The Amended Complaint is handwritten, and

11   difficult to decipher, but it appears to relate, in part, to foreclosure proceedings (which have now

12   been terminated due to Plaintiff's full payment of the outstanding balance) against the Plaintiff's

13   real property commonly known as 461 McFarland Drive, Sequim, Washington (in which the

14   Plaintiff references Defendants Chase, Bayview, and MTC), an unrelated dispute with Farmers,

15   Plaintiff's insurance company, and yet another unrelated issue with the Plaintiffs 401(k) account,

16   which appears to allegedly involve Defendants Chase, Wells Fargo and Vanguard.  Dkt. 12.

17        In her motion for preliminary injunction, the Plaintiff moves for an order forcing the

18   Defendants to answer her discovery requests; that motion (Dkt. 104) should be construed as a

19   motion to compel.  She also moves for a continuance of the trial date.  Dkt. 104.  Each of the

20   Defendants now move to dismiss the claims against them with prejudice and without leave to

21   amend.  Dkts. 17, 18, 24, 37, 54, and 103.  The Plaintiff was issued a warning, informing her of

22   the nature of motions to dismiss and what she should do, if she wished to oppose them.  Dkt. 30.

23   The Plaintiff sought and has been given multiple extensions of time to respond.  *See e.g.* Dkt. 65.

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 2

For the reasons provided below, the Plaintiff's motions to compel and to continue the trial date should be denied and the Defendants' motions to dismiss should be granted, the Defendants' motion for an extension of time to file the JSR denied as moot, and this case closed.

## I.   JUDICIALLY NOTICED FACTS, ALLEGATIONS IN THE AMENDED COMPLAINT, AND PENDING MOTIONS

### A.  REQUEST FOR JUDICIAL NOTICE

Defendant Chase requests that the Court take judicial notice of several documents which were recorded in the public record.  Dkt. 17.

In reviewing a motion to dismiss for failure to state a claim as is the case here, the court is generally limited to review of "the face of the complaint, materials incorporated into the complaint by reference," and matters of which judicial notice may be taken.  *In re Rigel Pharmaceuticals, Inc. Securities Litigation*, 697 F.3d 869, 876 (9th Cir. 2012).  "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute."  *Id.*  (*internal quotations omitted*).  Pursuant Fed. R. Evid. 201 (b), "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Chase requests that the Court judicially notice: (1) the Deed of Trust granted by Plaintiff (and her deceased husband) to Washington Mutual Bank, the original lender on the loan for the real property at issue here dated November 27, 2002 (Dkt. 17-1), (2) the assignment of the Deed of Trust from the failed Washington Mutual Bank's successor-in-interest, Chase, to Bayview on August 9, 2018 (Dkt. 17-2), (3) Bayview's appointment of MTC as successor trustee on July 24, 2019 (Dkt. 17-3), (4) MTC's Notice of Trustee's Sale, setting the date of sale for February 7,

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE AND THE DEFENDANTS' MOTIONS TO DISMISS - 3

1   2020 (Dkt. 17-4), and (5) the February 11, 2020 Notice of Discontinuance of Trustee's Sale

2   (Dkt. 17-5).

3          Chase's request that the Court take judicial notice of facts contained in these documents

4   should be granted.  Each of these documents are public records.  The facts noticed by the

5   undersigned are "not subject to reasonable dispute."  *In re Rigel,* at 876.

6   **B.  ALLEGATIONS IN AMENDED COMPLAINT AND JUDICIALLY NOTICED**
    **FACTS**

7
          On March 10, 2020, "H. Harbord" filed a hand-written Amended Complaint.  Dkt. 12.

8
    The Amended Complaint asserts several federal statutory claims including violations of the Fair

9
    Debt Collections Practices Act, 15 U.S.C. § 1692a ("FDCPA"), Truth in Lending Act, 15 U.S.C.

10
    § 1601 ("TILA"), Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA"), and the

11
    Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA") and multiple state law claims

12
    including what appears to be claims for violations of Washington's Deed of Trust Act, RCW

13
    61.24 ("DTA"), Washington's Consumer Protection Act, RCW 19.86 ("CPA), breach of

14
    contract, unjust enrichment, negligent and intentional infliction of emotional distress, negligence,

15
    defamation, and tortious interference with credit expectancy.  *Id.*  The Amended Complaint does

16
    not specify which claim is being asserted against which Defendant.  *Id.*  It asserts that "emotional

17
    distress killed PLA's spouse."  *Id.*, at 35.  The Amended Complaint seeks damages.  *Id.*

18
          The Amended Complaint is not well organized but, appears to raise claims based on three

19
    separate, unrelated events: a mortgage dispute on the Sequim property, a dispute relating to the

20
    Plaintiff's 401(k), and an insurance coverage dispute.

21
              1.  Mortgage Dispute

22
          As it relates to the mortgage dispute, Plaintiff and her husband obtained a loan from

23
    Washington Mutual Bank secured by a Deed of Trust on the Sequim property.  Dkt. 17-1.  Chase

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 4

1    became the successor-in-interest on the Harbords loan after Chase purchased Washington Mutual

2    Bank's assets from the FDIC, acting as receiver. *Rundgren v. Wash. Mut. Bank, FA,* 760 F.3d

3    1056, 1059 (9th 2012).  Chase transferred its interest in the loan on August 9, 2018 when it

4    transferred the loan to Bayview.  Dkt. 17-2.  Bayview appointed MTC as successor trustee on

5    July 24, 2019.  Dkt. 17-3.  MTC recorded a Notice of Trustee's Sale, which indicated that the

6    Harbords' loan was in default and setting the date of sale of the property for February 7, 2020.

7    Dkt. 17-4.

8           According to the Amended Complaint, the Plaintiff and her husband "did not see any

9    posted documents" on their property.  Dkt. 12, at 8.  As to MTC, it alleges that MTC's "mail

10   were returned to sender/Harbord moved/unable to forward" and that they did not receive letters

11   *Id.*  The Amended Complaint alleges that they did not see the Notice of Trustee's Sale and that

12   MTC and Bayview failed to properly serve the notice on the Plaintiff.  *Id.,* at 20.

13          The Amended Complaint asserts that Bayview failed "to disclose payoff statement

14   requirements."  *Id.*  It maintains that Chase failed to "disclose history of loan payments for 30

15   years loan," and its registered agent's address.  *Id.*, at 9.  The Amended Complaint alleges that

16   Bayview and Chase did not "disclose the Plaintiff's loan documents."  *Id.,* at 9 and 13.  It alleges

17   that the Plaintiff "complained" to Chase and asked Chase for an address in case of emergency.

18   *Id.*  The Amended Complaint asserts that Chase closed the account and transferred the loan "to

19   keep their reputation and . . . get more money."  *Id.* at 9 and 16.  It maintains that the Plaintiff

20   had a hard time reaching a person to talk to at Bayview.  *Id.,* at 16.

21          The Amended Complaint maintains that on January 21, 2020, the Plaintiff submitted "a

22   written request to the trustee to obtain the total amount to pay off the entire obligation

23   information . . . to MTC."  Dkt. 12, at 9.

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 5

1    The Amended Complaint alleges that the Plaintiff "went to pay property tax, Bayview . . .

2  paid to the County without any authorization or notice" and misapplied payments.  Dkt. 12, at

3  10.  It asserts that the Plaintiff paid the property taxes in 2019 and that Bayview "intentionally

4  try to auction for Plaintiff['s] property because there is no judicial process prior to tax sale."  *Id.*,

5  at 10.  The Amended Complaint alleges there were "interest overcharges" by Chase and

6  Bayview.  *Id.*  It asserts that Bayview closed Plaintiff's account without notice.  *Id.*, at 14.

7    The Amended Complaint maintains that MTC failed to disclose the details of the

8  foreclosure and "Publication of Notice of Trustee's Sale" to the Plaintiff.  Dkt. 12, at 11.  It

9  alleges that the Plaintiff paid MTC the amount due on January 31, 2020 and on February 3, 2020

10  received a notification of "postponement" of the trustee's sale.  *Id.*  The Amended Complaint

11  asserts that the Plaintiff went to the Clallam County Audit Department and the "postponement

12  wasn't listed."  *Id.*  It alleges that the Plaintiff met someone named Terry, who had come to

13  purchase the Plaintiff's home, and would have done so if the Plaintiff had not been there to show

14  Terry the notification of postponement.  *Id.*  On February 11, 2020, the Notice of Discontinuance

15  of Trustee's Sale was recorded with the Clallam County, Washington Auditor.  Dkt. 17-5.

16         2.   Dispute Regarding Plaintiff's 401(k)

17    In regard to the Plaintiff's 401(k), the Amended Complaint asserts that Chase claims it

18  does not have the Plaintiff's 401(k) and that "Wells Fargo empowered Vanguard."  Dkt. 12, at

19  13.  It alleges that Chase "failed to disclose Plaintiff's 401(k) funds before transfer," and that the

20  Plaintiff "should have received hard copy statements."  *Id.*, at 14.

21         3.   Insurance Dispute

22    The Amended Complaint alleges that Farmers "contracted to take home insurance

23  premium through Plaintiff's bank account.  Farmers took Bayview's ck [sic] payment without

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 6

1   knowledge of Plaintiff.  Farmers failed to notify Plaintiff and refused to take payment from

2   Plaintiff."  Dkt. 12, at 15.  It then states "bad faith snow damage . . . fail repair . . . auto rear

3   ended truck damage . . . auto front truck damage . . . Plaintiff paid premiums, but Farmers does

4   not repair any Plaintiff's damages."  *Id.*

5   ### C. ORGANIZATION OF OPINION

6   This opinion will first address the Plaintiff's motions for preliminary injunction and to

7   postpone the trial date, then address the Defendants Chase, Bayview and MTC's motions to

8   dismiss, then turn to Defendants Chase, Wells Fargo and Vanguard's motions to dismiss and

9   then address Farmers' motion to dismiss.  The opinion will conclude with the Defendants'

10  motion to extend the deadline to file the JSR.

## II.   DISCUSSION

12  ### A. PLAINTIFF'S MOTIONS TO COMPEL AND TO CONTINUE THE TRIAL DATE

13  #### 1. Motion to Compel

14  In her motion to compel, the Plaintiff moves the Court for an order "compel production

15  of documentations" due to "refusal of disclosure documentations by Defs [sic]."  Dkt. 104.  The

16  Plaintiff argues that all Defendants refuse to disclose the Plaintiff's loan documents and her

17  401(k) account documents.  *Id.*  She asserts that Chase is "involved" with her "Safeway 401(k)

18  plan" which she maintains Chase transferred to Wells Fargo who transferred it to Vanguard

19  "without proper papers to disclose to [Plaintiff]."  *Id.*  The Plaintiff argues that all the Defendants

20  refuse to answer her discovery.  *Id.*

21  Subject to exceptions not applicable here, Fed. R. Civ. P. 26(d)(1) provides that "[a] party

22  may not seek discovery from any source before the parties have conferred as required by Rule

23  26(f)."

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 7

1   The Plaintiff's motion to compel (Dkt. 104) should be denied.  The parties have not held

2   their discovery conference as required under Fed. R. Civ. P. 26(f).  This is the Plaintiff's third

3   motion to compel denied on these grounds.

4   Further, even if the parties had held their Rule 26(f) conference, and the Plaintiff showed

5   that the responses were late, she failed to certify that the parties met and conferred about the

6   discovery dispute.  Leaving phone messages is not sufficient.  Fed. R. Civ. P. 37 provides, in

7   part, that:

8       (1) In General. On notice to other parties and all affected persons, a party may
        move for an order compelling disclosure or discovery. The motion must include a
9       certification that the movant has in good faith conferred or attempted to confer
        with the person or party failing to make disclosure or discovery in an effort to
10      obtain it without court action.

11  Local Rule for Western District of Washington 37(a)(1) additionally provides:

12      Any motion for an order compelling disclosure or discovery must include a
        certification, in the motion or in a declaration of affidavit, that the movant has in
13      good faith conferred or attempted to confer with the person or party failing to
        made disclosure or discovery in an effort to resolve the dispute without court
14      action. The certification must list the date, manner, and participants to the
        conference. If the movant fails to include such a certification, the court may deny
15      the motion without addressing the merits of the dispute. A good faith effort to
        confer with a party or person not making a disclosure or discovery requires a face-
16      to-face meeting or a telephone conference. If the court finds that counsel for any
        party, or a party proceeding pro se, willfully refused to confer, failed to confer in
17      good faith, or failed to respond on a timely basis to a request to confer, the court
        may take action as stated in CR 11 of these rules.

18
    The Plaintiff's motion to compel (Dkt. 104) should be denied.  She should not have
19
    sought discovery before the Rule 26(f) conference. Even if the discovery was sent after the 26(f)
20
    conference, she makes no showing that the Defendants did not timely respond.  Lastly, she failed
21
    to certify that she and the Defendants conferred in good faith about the dispute.
22
        2.  Motion to Postpone the Trial Date and Other Deadlines
23
    Pursuant to Fed. R. Civ. P. 6(b), the court may extend deadlines for good cause.
24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 8

1    The Plaintiff's motion to postpone the trial date (Dkt. 104) should be denied.  The parties

2   have not held their Fed. R. Civ. P. 26(f) conference.  They have not filed their JSR and so no trial

3   date has been set.  To the extent the Plaintiff moves for an extension of time to respond to the

4   motions to dismiss, she makes no showing that an extension is warranted.  The first of the

5   pending motions to dismiss was filed over five months ago - in March.  The Plaintiff has

6   received several extensions of time to respond to the motions.  She has been notified what she

7   needed to do to respond.  While she raises concern about decreased access to the federal

8   courthouse and closed law library due to the COVID-19 pandemic, during that time, she has filed

9   multiple meritless motions in person, forcing the Defendants to defend against them.  No further

10   extension of time should be granted.

11       **B.  STANDARD ON MOTIONS TO DISMISS**

12       Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

13   legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

14   *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

15   as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

16   1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

17   need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

18   to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

19   a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

20   (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief

21   above the speculative level, on the assumption that all the allegations in the complaint are true

22   (even if doubtful in fact)."  *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to

23   relief that is plausible on its face."  *Id*. at 1974.

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 9

1

2

3
## C.  MOTIONS TO DISMISS THE MORTGAGE/FORECLOSURE RELATED DISPUTE

4        As it relates to the mortgage/foreclosure dispute, in its motion to dismiss the federal

5   claims asserted against it as a matter of law, Chase argues that the Plaintiff's FDCPA claim

6   should be dismissed because it is barred by the one-year statute of limitations.  Dkt. 17.  It argues

7   that the Plaintiff's RESPA claim should be dismissed because she fails to allege facts to show a

8   wrongful action by Chase, failed to allege that she properly requested information from Chase

9   because Chase was not servicing her loan at the time of her requests, and failed to allege facts

10  that she was damaged.  *Id.*  Chase argues that the Plaintiff's TILA claim fails because TILA only

11  applies to loan origination documents and Chase did not originate the loan.  *Id.*  Chase argues

12  that her claim for an ECOA violation should be dismissed because Chase did not extend her

13  credit.  Dkt. 17.

14        Chase argues the Plaintiff's state law claims should be dismissed because claims for

15  "harassment, consumer banking payment, deception, and interference with a credit expectancy"

16  are not cognizable claims.  Dkt. 17.  It argues that her claims under DTA should be dismissed

17  because she cannot state a pre-sale Deed of Trust Act claim on a canceled foreclosure.  *Id.*

18  Chase argues her CPA claim and other state law claims should be dismissed because she fails to

19  allege facts in support of any of her claims.  *Id.*  It argues that dismissal should be with prejudice

20  and without leave to amend because the Plaintiff has already been given notice of a complaint's

21  deficiencies and failed to cure them.  *Id.*

22        Bayview also moves to dismiss all of the Plaintiff's claims with prejudice for failure to

23  state a claim.  Dkt. 18.  It argues that her federal claims should be dismissed as a matter of law

24  because it is not a debt collector under the FDCPA and it did not lend her money for purposes of

TILA or ECOA.  *Id.*  Bayview argues that her RESPA claim should be dismissed because she

1   has failed to plead sufficient facts to demonstrate Bayview violated the statute or damaged her.

2   *Id.*  Bayview also moves for dismissal of all the Plaintiff's state law claims with prejudice for

3   failure to state a claim.

4      MTC moves to dismiss all of the Plaintiffs claims with prejudice for failure to state a

5   claim.  Dkt. 103.  As to the federal claims, it points out that it was not a debt collector for

6   purposes of the FDCPA, is not alleged to have originated a loan or extended credit to the

7   Plaintiff for purposes of a TILA or EOCA claims, and is not alleged to have taken any action

8   which would give rise to a RESPA claim.  *Id.*  It argues that to the extent that the Plaintiff bases

9   some or all of her state law claims on the plead fact that she did not actually receive the Notice of

10   Default or Notice of Sale, MTC points out that as a matter of law (RCW 61.24.030) it is

11   obligated only to mail them to the proper address, which it is alleged in the Amended Complaint

12   to have done.  *Id.*  It maintains that "any failure of postal delivery . . . does not support a

13   violation of the Deed of Trust Act."  *Id.*  MTC argues that the Plaintiff fails to plead any facts to

14   support any other claim against it.  *Id.*

15      In her one-page Response to Chase and Bayview's motions, the Plaintiff asserts that

16   Chase and Bayview failed to produce the Plaintiff's financial documents.  Dkt. 72.  She

17      In her Response to Bayview and MTC's motions, the Plaintiff again states that she did

18   not get notice of the sale until January 2020 and paid the outstanding amount.  Dkt. 69.  The

19   Plaintiff states that she had some difficulty reaching Bayview and MTC and was given a wrong

20   fax number at one point.  *Id.*  In her Response, the Plaintiff also asks for an explanation of her

21   payment amount, her escrow account to date and questions various late fees.  *Id.* This pleading

22   also includes various account statements, and purports to "charge" the Defendants to answer

23   questions.  *Id.*

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 11

1        The Plaintiff failed to meaningfully respond to the Defendants Chase, Bayview and

2    MTC's motions to dismiss.  Furthermore, the motions to dismiss have merit for the reasons

3    stated therein.  Chase, Bayview, and MTC's motions to dismiss (Dkts. 17, 18 and 103) should be

4    granted and the claims asserted against them should be dismissed with prejudice.

5            **D.  MOTIONS TO DISMISS THE DISPUTE RELATED TO THE 401(k)**

6        Chase, Wells Fargo and Vanguard all move to dismiss the claims asserted against them

7    for failure to state a claim.  Dkts. 17, 37 and 54.  Each point out that the facts alleged against

8    them do not support any of the federal or state claims asserted.  *Id.*

9        As it relates to Chase, Wells Fargo and Vanguard's motions to dismiss the claims

10   asserted against them related to the Plaintiff's 401(k) account, the Plaintiff's response merely

11   reiterates that she was not given copies of her account documents when the accounts were

12   transferred.  Dkt. 72.

13       Plaintiff also fails to meaningfully respond to these motions.  Chase, Wells Fargo and

14   Vanguard's motions to dismiss for failure to state a claim have merit for the reasons stated

15   therein.  The claims asserted against Chase, Wells Fargo and Vanguard related to the Plaintiff's

16   401(k) account should be dismissed and those claims dismissed with prejudice.

17           **E.  MOTION TO DISMISS THE INSURANCE DISPUTE**

18       On April 4, 2020, Farmers filed its motion to dismiss this case under Fed. R. Civ. P.

19   12(b)(6) for failure to state a claim and under Fed. R. Civ. P. 12(b)(1) for lack of subject matter

20   jurisdiction.  Dkt. 24.  Farmers attaches its proof of incorporation in Washington state.  Dkt. 24-

21   1.  It argues that Plaintiff has not alleged sufficient facts to state a federal claim against Farmers

22   and so those claims should be dismissed.  Dkt. 24.  Farmers argues that this Court does not have

23

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 12

1    jurisdiction over the remaining state claims asserted against Farmers and so those claims should

2    be dismissed.

3         In pleadings the Plaintiff filed on May 5, 2020 and on May 18, 2020, the Plaintiff again

4    asserts that she questioned Farmers about why it did not directly withdraw the premium out of

5    her account and instead accepted payment from Bayview.  Dkts. 50 and 69.  She discusses

6    various incidents that she alleges that Farmers did not pay for damage covered by her home and

7    auto policies.  *Id.*  The Plaintiff does not meaningfully address any of the arguments raised by

8    Farmers regarding the federal claims or whether this Court has jurisdiction to determine the

9    remaining state law claims asserted against Farmers.

10        Farmers' motion to dismiss the federal claims asserted against it (Dkt. 24) should be

11   granted and those claims dismissed with prejudice.  Farmers' motion properly points out that all

12   the federal claims asserted are related to debt collection, loans and extending credit on real

13   estate, none of which it does or is alleged to do.

14        Further, Farmers' motion to dismiss the state law claims asserted against it (Dkt. 24) for

15   lack of subject matter jurisdiction should be granted and those claims dismissed without

16   prejudice.

17        Pursuant to Fed. R. Civ. P. 12 (b)(1), a case may be dismissed for lack of subject matter

18   jurisdiction.  By this order, all other Defendants are dismissed.  Farmers is a resident of

19   Washington and only state law claims remain.  While under 28 U.S.C. § 1367(a), district courts

20   have supplemental jurisdiction over state law claims, for the Court to exercise this jurisdiction,

21   the Plaintiff must show that the supplemental claims form part of the same case or controversy as

22   those claims that invoked the federal court's jurisdiction.  *Mendoza v. Fruit Co.,* 301 F.3d 1163,

23   1172-73 (9th Cir. 2002).  The Plaintiff has failed to show that the claims related to the

24

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 13

1   mortgage/foreclosure dispute are related to her insurance claims such that they form part of the

2   same case or controversy.

3          Even if she had, the Court should still decline to exercise jurisdiction over the state law

4   claims asserted against Farmers.  Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to

5   exercise supplemental jurisdiction over a state law claims if:  (1) the claims raise novel or

6   complex issues of state law, (2) the state claims substantially predominate over the claim which

7   the district court has original jurisdiction, (3) the district court has dismissed all claims over

8   which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling

9   reasons for declining jurisdiction.  "While discretion to decline to exercise supplemental

10  jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367

11  (c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian*

12  *Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

13         The Court should decline to exercise supplemental jurisdiction over the remaining state

14  law claims asserted against Farmers and dismiss those claims without prejudice, to be refiled, if

15  appropriate, in the state court.  The Court no longer has original jurisdiction.  All federal claims

16  have been dismissed and the remaining named Defendant, Farmers, is asserted to be a

17  Washington business entity.  The Court no longer has jurisdiction over the case under either 28

18  U.S.C. § 1331 (federal question) or 28 U.S.C. § 1132 (diversity of citizenship).  Accordingly,

19  this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion

20  to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3).

21  Further, the values of economy, convenience, fairness, and comity are served by this Court

22  declining to exercise supplemental jurisdiction over the state law claims in this case.  The

23  remaining state law claims asserted against Farmers should be dismissed without prejudice.

24

**F. DISMISSAL SHOULD BE WITHOUT LEAVE TO AMEND**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

The Plaintiff has received notice of her original Complaint's deficiencies and given an opportunity to file an amended complaint.  Her Amended Complaint did not cure the deficiencies.  It is now clear that no amendment can cure the defect.  The claims against Chase, Bayview, MTC, Wells Fargo and Vanguard should be dismissed with prejudice and without leave to amend.  The federal claims against Farmers should be dismissed with prejudice and without leave to amend.  The state law claims against Farmers should be dismissed without prejudice, to be refiled, if appropriate, in state court.  The case should be closed.

**G. DEFENDANTS' MOTION FOR AN EXTENSION TO FILE JSR**

The Defendants' motion for an extension of time to file the JSR (Dkt. 106) should be stricken as moot.

### III.  <u>ORDER</u>

It is **ORDERED** that:

- The Plaintiff's motions for "Preliminary Injunction," "Postpone Trial Date," and "Continuance" (Dkts. 104 and reiterated at Dkt. 112, referred to herein as Dkt. 104) **ARE DENIED;**

- Defendant JP Morgan Chase Bank NA's (erroneously sued as Chase Bank and JP Morgan Financial) Motion to Dismiss (Dkt. 17), Bayview Financial LLC, Bayview Loan Servicing LLC, Bayview Holdings' Motion to Dismiss (Dkt. 18), MTC Financial Inc. d/b/a Trustee Corps' Motion to Dismiss (Dkt. 103),

Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Amended Complaint

(Dkt. 37), Defendant Vanguard's Motion to Dismiss Amended Complaint (Dkt.

54) **ARE GRANTED;** these Defendants **ARE DISMISSED WITH**

**PREJUDICE AND WITHOUT LEAVE TO AMEND;**

- Farmers Insurance Company of Washington's Motion to Dismiss Plaintiff's

   Complaint (Dkt. 24) **IS GRANTED**; the federal claims asserted against Farmers

   **ARE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO**

   **AMEND**; and the state law claims asserted against Farmers **ARE DISMISSED**

   **WITHOUT PREJUDICE**, to be refiled, if appropriate, in state court;

- The Defendants' motion for extension of time to file the Joint Status Report (Dkt.

   106) **IS STRICKEN AS MOOT**; and

- The case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

to any party appearing *pro se* at said party's last known address.

Dated this 27th day of August, 2020.'

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO POSTPONE TRIAL DATE
AND THE DEFENDANTS' MOTIONS TO DISMISS - 16